UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SHERRON PARKER,                         )
                                        )
              Plaintiff,                )
                                        )
v.                                      )    1:20-cv-00015-SKL
                                        )
MARKSMAN SECURITY CORPORATION,          )
                                        )
              Defendant.                )

## MEMORANDUM OPINION

Before the Court are Defendant Marksman Security Corporation's motion to dismiss [Doc. 7] and renewed motion to dismiss and compel arbitration [Doc. 19]. The parties have filed a joint notice that they adopt the arguments made in their previously filed briefing, as applied to Plaintiff's recently amended complaint [Doc. 25]. Plaintiff Sherron Parker does not dispute that all claims in this action are subject to a valid and enforceable arbitration agreement [s*ee* Doc. 11]. The parties' dispute regarding compelling arbitration is whether the Court should dismiss or stay this action pending arbitration [*see* Doc. 7; Doc. 8; Doc. 11; Doc. 12].

The Federal Arbitration Act provides for a stay of proceedings when "any issue" in the suit is referable to arbitration based on a written agreement between the parties. 9 U.S.C. § 3. The statute reads:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

*Id.*

Courts in this circuit have recognized that dismissal, rather than a stay of proceedings, may be appropriate when all claims in a particular suit will be referred to arbitration. *See, e.g.*, *Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (citing *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1275 (6th Cir. 1990), and *Hensel v. Cargill, Inc.*, 198 F.3d 245, at *4 (6th Cir. 1999) (table)); *Jacobs Field Servs. North Am., Inc. v. Wacker Polysilicon North Am., LLC*, 375 F. Supp. 3d 898, 915 (E.D. Tenn. 2019) (dismissing, rather than staying, the action when staying it "would serve no purpose"); *Moore v. Ferrellgas, Inc.*, 533 F.Supp.2d 740, 751–52 (W.D. Mich. 2008) (citing *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000)) ("The Court can discern no purpose for retaining jurisdiction and staying the action.").[1]

Plaintiff first argues that the Sixth Circuit Court of Appeals "has not clearly spoken on this issue, [but] other federal District Courts and Courts of Appeals have." [Doc. 11 at Page ID # 106]. As discussed above, abundant Sixth-Circuit case law supports dismissal of an action when all claims are referable to arbitration. To the extent that Plaintiff draws upon case law from other circuits, those decisions are, of course, not binding on the Court.

---

[1] In an unpublished case not cited by either party, *Hilton v. Midland Funding, LLC*, 687 F. App'x 515 (6th Cir. 2017), the Sixth Circuit held that a district court did not err in dismissing a case without prejudice when compelling arbitration, noting that the plaintiff had not requested a stay. *Id.* at 519 ("If Hilton wanted the district court to stay the proceedings rather than dismiss them, Hilton needed explicitly to request a stay. Because none of the parties in this case requested a stay of proceedings, the district court did not err by dismissing the case without prejudice."). As other courts in this circuit have done, this Court declines to follow *Hilton* to the extent it holds that a district court lacks discretion to dismiss a case with prejudice whenever a party requests a stay. *See Robinson v. Credit One Bank, N.A.*, No. 1:20-CV-00492, 2020 WL 3270690, at *2 (N.D. Ohio June 17, 2020) (quoting *Kelch v. Pyramid Hotel Grp.*, No. 1:18-CV-707, 2020 WL 489237, at *3 (S.D. Ohio Jan. 30, 2020) ("*Hilton* did not reach (and thus did not alter) the longstanding principle, espoused in *Hensel*, *Ozormoor*, and numerous other Sixth Circuit decisions, that a case in which all claims are referred to arbitration may be dismissed." (quotation marks omitted))); *Aqua-Chem, Inc. v. Bariven, S.A.*, No. 3:16-CV-553, 2018 WL 4870603, at *4 (E.D. Tenn. Mar. 16, 2018) ("[A]lthough unpublished Sixth Circuit decisions are *very* persuasive within the Circuit, for the reasons stated herein, the Court finds dismissal is warranted despite the holding in *Hilton*.").

Second, Plaintiff argues that, even if the Court has discretion to grant a stay or dismiss the action, it should stay rather than dismiss the action. However, the only argument she offers for why a stay would be more appropriate than dismissal is that she would have to amend her pleadings before this Court to include federal claims under Title VII of the Civil Rights Act, which were pending before the EEOC at the time Plaintiff pressed that argument [Doc. 11 at Page ID # 107]. That argument, however, is now moot as Plaintiff recently filed an amended complaint containing those Title VII claims [Doc. 21].

The Court knows of no reason, and has been presented with no applicable reason, why a stay would be more appropriate than dismissal in this case. Therefore, the Court concludes that dismissal is appropriate here, just as it was in the cases cited above, because all of Plaintiff's claims are arbitrable.

Lastly, the Court notes that Defendant has requested a dismissal with prejudice but has provided no rationale for why the case should be dismissed with, rather than without, prejudice [*see* Doc. 7; Doc. 8; Doc. 12; Doc. 19]. Nor has Plaintiff addressed the issue [*see* Doc. 11]. "Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice." *Gilchrist v. Inpatient Med. Servs., Inc.,* No. 5:09CV02345, 2010 WL 3326742, at *5 (N.D. Ohio Aug. 23, 2010) (quoting *Nestle Waters N. Am., Inc. v. Bollman,* No. 1:06-CV-577, 2006 WL 3690804, at *6 (W.D. Mich. Dec. 12, 2006), *aff'd*, 505 F.3d 498 (6th Cir. 2007)); *see also Chambers v. Sun West Mortg., Co., Inc.*, No. 1:13-cv-399, 2014 WL 2211015, at *8 (S.D. Ohio May 28, 2014) ("The procedure generally followed by district courts in this Circuit is to dismiss the litigation without prejudice."); *see, e.g.*, *Robinson v. Credit One Bank, N. Am.*, No. 1:20-CV-00492, 2020 WL 3270690, at *2 (N.D. Ohio June 17, 2020); *Aqua-Chem, Inc. v. Bariven, S.A.*, No. 3:16-CV-553, 2018 WL 4870603, at *3 (E.D. Tenn.

Mar. 16, 2018); *Morgan v. United Healthcare Servs., Inc.*, No. 1:12-CV-676-HJW, 2013 WL 1828940, at *5 (S.D. Ohio Apr. 30, 2013). The Court agrees with the other courts in this circuit that dismissal without prejudice is proper here.

In sum, under these circumstances, the Court **GRANTS** Defendant's motions [Doc. 7 & Doc. 19], except that the Court will dismiss this action without prejudice. The Court hereby **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE** and that the matter proceed to arbitration.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE